**EXHIBIT A**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Mark S. Greenstone (SBN 199606) <br> GLANCY PRONGAY & MURRAY LLP <br> 1925 Century Park East, Suite 2100 <br> Los Angeles, California 90067 <br> TELEPHONE NO.: (310) 201-9150   FAX NO.: (310) 201-9160 <br> ATTORNEY FOR *(Name):* Plaintiff Evelyn Mamaril | **FOR COURT USE ONLY** <br> FILED <br> SAN MATEO COUNTY <br> FEB 10 2017 <br> Clerk of the Superior Court <br> BY <br> DEPUTY CLERK |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch - Hall of Justice

**CASE NAME:**
Mamaril v. Terminix International, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: | 17CIV00615 |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

17 - CIV - 00615
CCCS
Civil Case Cover Sheet
371518

**2.** This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☑ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☑ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify):* 1 – Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)
**5.** This case ☑ is ☐ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 10, 2017
Mark S. Greenstone
(TYPE OR PRINT NAME)                                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

FILED BY FAX

1  GLANCY PRONGAY & MURRAY LLP
   Lionel Z. Glancy (SBN 134180)
2  Marc L. Godino (SBN 182689)
   Mark S. Greenstone (SBN 199606)
3  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
5  E-mail: info@glancylaw.com

6  JAURIGUE LAW GROUP
   Michael J. Jaurigue (SBN 208123)
7    michael@jlglawyers.com
   Abigail A. Zelenski (SBN 228610)
8    abigail@jlglawyers.com
   David Zelenski (SBN 231768)
9    david@jlglawyers.com
   Ryan A. Stubbe (SBN 289074)
10   ryan@jlglawyers.com
   Sehreen Ladak (SBN 307895)
11   sehreen@jlglawyers.com
   114 North Brand Boulevard, Suite 200
12 Glendale, California 91203
   Telephone: (818) 630-7280
13 Facsimile: (888) 879-1697

14

*Attorneys for Plaintiff Evelyn Mamaril*

15

16            **SUPERIOR COURT OF CALIFORNIA**

17               **COUNTY OF SAN MATEO**

18

19  EVELYN MAMARIL, as an individual and on      Case No.  **17CIV00615**
    behalf of all others similarly situated,
20
             Plaintiff,                          **CLASS-ACTION COMPLAINT**
21
        v.                                       1.  Violation of the Telephone Consumer
22                                                   Protection Act, 47 U.S.C. § 227(b)(1)(A)
    TERMINIX INTERNATIONAL, INC., a
23  Delaware corporation; THE TERMINIX           **DEMAND FOR JURY TRIAL**
    INTERNATIONAL COMPANY LIMITED
24  PARTNERSHIP, a Delaware limited partnership;
    and DOES 1 through 50,
25
             Defendants.
26

27

28

17 – CIV – 00615
CMP
Complaint
371620

                            1
                 CLASS-ACTION COMPLAINT

*INTRODUCTION*

1.     Pursuant to section 382 of the California Code of Civil Procedure, Plaintiff Evelyn Mamaril ("Plaintiff") brings this class action on behalf of herself and all others similarly situated against Defendants Terminix International, Inc. ("Terminix International"), a Delaware corporation; The Terminix International Company Limited Partnership ("Terminix Partnership"), a Delaware limited partnership; and Does 1 through 50 (collectively, Terminix International and Terminix Partnership are referred to as "Terminix"; and Terminix International, Terminix Partnership, and Does 1 through 50 are referred to as "Defendants").

2.     As alleged below, Defendants have violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through their unauthorized telephonic contact of consumers.  Specifically, Defendants have violated the TCPA by placing marketing calls to consumers' telephones without prior express written consent, invading the consumers' right to privacy.

3.     Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and all others similarly situated are entitled to, *inter alia*, statutory damages and injunctive relief for Defendants' violations.

*JURISDICTIONAL STATEMENT*

4.     *Jurisdiction*.  Federal and state courts have concurrent jurisdiction over suits arising under the TCPA.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).  This Court therefore has subject-matter jurisdiction of Plaintiff's cause of action.  Furthermore, this Court has personal jurisdiction over Defendants because, as alleged below, they have purposefully availed themselves of the resources and protections of California, and they conduct business and have systematic contacts with California.

5.     *Venue*.  Venue lies within the County of San Mateo under Code of Civil Procedure section 295 because Terminix International and Terminix Partnership are foreign business entities that regularly conduct business within California.

*PARTIES*

6.     Plaintiff is a California resident.  She is—and, at all times relevant to this action, was—a "person" as defined under 47 U.S.C. § 153.

7.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Terminix

2
CLASS-ACTION COMPLAINT

1    Internationa. is a Delaware corporation.  Terminix International is—and, at all times relevant to this

2    action, was—a "person" as defined under 47 U.S.C. § 153.

3        8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Terminix

4    Partnership :s a Delaware limited partnership.  Terminix Partnership is—and, at all times relevant to this

5    action, was—a "person" as defined under 47 U.S.C. § 153.

6        9.      Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 50,

7    and she therefore sues them under those fictitious names pursuant to section 474 of the Code of Civil

8    Procedure.  Plaintiff is informed and believes, and based thereon alleges, that each of the acts and

9    omissions alleged herein was performed by, or is attributable to, Terminix International, Terminix

10   Partnership, and Does 1 through 50, with each acting as the agent for the others, with each having the

11   legal authority to act on the others' behalves, and with each ratifying every act or omission complained

12   of herein.  Plaintiff is further informed and believes, and based thereon alleges, that each Defendant is,

13   in some manner, intentionally, negligently, or otherwise responsible for the acts and omissions of the

14   other Defendants in proximately causing the damages alleged.  Similarly, Plaintiff is informed and

15   believes, and based thereon alleges, that the acts and omissions of each Defendant were in accordance

16   with, and represent, the official policy and practice of all Defendants.  Plaintiff will amend the

17   Complaint to allege the true names and capacities of Does 1 through 50 when such names and capacities

18   have been ascertained.

19                              *GENERAL ALLEGATIONS*

20       10.     Plaintiff is informed and believes, and based thereon alleges, that Terminix is one of the

21   world's largest residential and commercial pest-control companies, operating in forty-seven states

22   throughout the United States.  Terminix's services include bug extermination and pest control.

23       11.     Plaintiff was a Terminix customer starting in approximately 2003, using Terminix's pest-

24   control service on a reoccurring basis until she canceled the service in approximately 2008.  At some

25   point after canceling the service, however, she began to receive reoccurring "robocalls"—*i.e.*, calls using

26   an artificial or prerecorded voice—on her residential telephone line, encouraging her to purchase

27   property, goods, or services from Terminix.  The robocalls continued into 2014.  Plaintiff never signed a

28   document, whether in paper or electronic form, reciting (a) that Defendants (or any of them) were

1   authorized to make telemarketing calls to her using an artificial or prerecorded voice, and (b) that any

2   such authorization was not a condition of purchasing any property, goods, or services.

3       12.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in

4   a systematic marketing campaign involving artificial- or prerecorded-voice telephone calls placed to

5   thousands of consumers concerning Terminix's provision of property, goods, or services; and that the

6   calls she received were part of that campaign. Plaintiff is further informed and believes, and based

7   thereon alleges, that Defendants placed these calls even though Defendants had never obtained signed

8   agreements from any of the recipients reciting (a) that Defendants (or any of them) were authorized to

9   make telemarketing calls to the recipients using an artificial or prerecorded voice, and (b) that any such

10   authorization was not a condition of purchasing any property, goods, or services.

11       13.    By placing the calls to consumers' respective telephone numbers, Terminix caused actual

12   harm by invading the consumers' right to privacy.

13                             ***CLASS-ACTION ALLEGATIONS***

14       14.    Plaintiff seeks to represent the following Class and Subclass under section 382 of the

15   Code of Civil Procedure:

16       **Class:**  All persons throughout the United States who, on or after October 16, 2013,
17       received at least one artificial- or prerecorded-voice telephone call from Defendants
          promoting the provision of Terminix's property, goods, or services.

18       **Residential-Line Subclass:**  All persons throughout the United States who, on or after
19       October 16, 2013, received at least one artificial- or prerecorded-voice telephone call on
          their respective residential telephone lines from Defendants promoting the provision of
20       Terminix's property, goods, or services.

21       15.    Plaintiff reserves the right to amend or modify the proposed Class or Subclass, or to

22   propose additional subclasses or limitations to particular issues, in response to facts later ascertained.

23       16.    *Numerosity.*  The identities of Class Members and Subclass Members may be ascertained

24   from Defendants' own business and marketing records, as well as the records of Defendants' telephone

25   provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such

26   Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that

27   thousands of telemarketing robocalls calls were made to both the Class and the Subclass, far exceeding

28   the forty individuals required for numerosity purposes. Also, as explained below, the amount that is

4

CLASS-ACTION COMPLAINT

1    owed to any given Class or Subclass Member under the TCPA is relatively small, making it impractical

2    for them to bring their own individual suits.

3          17.    *Commonality*.  There are questions of law and fact that are common to the Class and

4    Subclass that predominate over any questions affecting only individual Class or Subclass Members.

5    These common questions include, without limitation:

6               a)       whether the robocalls constitute advertising or telemarketing under the TCPA and

7    its regulations,

8               b)       whether prior express written consent was required under the TCPA and its

9    regulations before making any of the robocalls, and

10             c)       whether Defendants' outright failure to secure any prior express written consent

11    constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

12          18.    *Typicality*.  Plaintiff's claims are typical of those of Class and Subclass Members because

13    she received robocalls marketing the provision of Terminix's property, goods, or services on or after

14    October 16, 2013; she never provided prior express written consent to receive the robocalls; and the

15    robocalls were placed to her residential telephone line.

16          19.    *Adequacy*.  Plaintiff will fairly and adequately represent and protect the interests of the

17    Class and Subclass.  She is not aware of any conflicts with either the Class or the Subclass, and she

18    plans on pursuing the litigation vigorously.  She also has the same interests as those of the Class and

19    Subclass, and she has retained counsel that is competent and experienced in class-action litigation.  In

20    addition, she has been actively involved in the litigation, she will continue to participate and be available

21    for the duration of the litigation, and she understands the duties that she holds to the Class and Subclass.

22          20.    *Superiority*.  A class action is superior to other available methods for the fair and

23    efficient adjudication of this controversy.  Again, the individual joinder of all Class and Subclass

24    Members is impracticable because of the relatively small recovery amounts at stake and the relative lack

25    of resources available for individual Class and Subclass Members vis-à-vis the large corporate

26    Defendants. Additionally, the judicial system would be burdened with multiple trials of the same issues,

27    and the potential for inconsistent or contradictory judgments would increase.  The common questions

28    detailed above, in fact, predominate in this action, as the claims of Class and Subclass Members arise

1  out of the same course of conduct to which Plaintiff herself was subject.  A class action therefore would

2  conserve the resources of the parties and the Court while protecting the rights of Class and Subclass

3  Members.  Defendants' conduct as described above is unlawful and capable of repetition, and it may

4  continue unless restrained and enjoined by the Court.  Moreover, it is a matter of public interest to obtain

5  definitive answers to the legality of Defendants' actions in a single case.

6  ### FIRST CAUSE OF ACTION

7  *Violation of the TCPA*

8  *47 U.S.C. § 227*

9       21.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

10  forth above.

11       22.    The United States Congress enacted the TCPA in order to protect and balance individual

12  privacy rights against legitimate telemarketing practices.  In enacting this statute, Congress found:

13       (1) The use of the telephone to market goods and services to the home and other

14  businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.

15      . . . .

16       (10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

17       (11) Technologies that might allow consumers to avoid receiving such calls are

18  not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.

19       (12) Banning such automated or prerecorded telephone calls to the home, except

20  when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy

21  invasion.

22  Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

23       23.    The TCPA specifically prohibits calling consumers—whether on their landlines or their

24  cellular telephones—without the consumers' prior express consent.  Specifically, the TCPA provides, in

25  relevant part:

26  / / / / /

27

28

1         It shall be unlawful for any person within the United States, or any person outside
2 the United States if the recipient is within the United States—

3         (A) to make any call (other than a call made for emergency purposes or made
with the prior express consent of the called party) using . . . an artificial or prerecorded
voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service, . . .
4 unless such call is made solely to collect a debt owed to or guaranteed by the United
5 States; [or]

6         (B) to initiate any telephone call to any residential telephone line using an
artificial or prerecorded voice to deliver a message without the prior express consent of
7 the called party, unless the call is initiated for emergency purposes, is made solely
pursuant to the collection of a debt owed to or guaranteed by the United States, or is
8 exempted by rule or order by the Commission under paragraph (2)(B).

9 47 U.S.C. § 227(b)(1). The additional exemptions referred to in subparagraph (2)(B) are limited to calls

10 "not made for a commercial purpose"; calls "made for a commercial purpose," so long as they "do[] not

11 include or introduce an advertisement or constitute telemarketing"; calls "made by or on behalf of a tax-

12 exempt nonprofit organization"; or calls that "deliver[] a 'health care' message made by, or on behalf of,

13 a 'covered entity' or its 'business associate,' as those terms are defined in the HIPAA Privacy Rule." 47

14 C.F.R. § 64.1200(a)(3).

15       24.    Defendants' above-described robocalls do not fall into any exemptions, since the calls did

16 not deliver any health-care messages but instead were part of a non-emergency, for-profit telemarketing

17 campaign concerning Terminix's provision of property, goods, or services.

18       25.    In addition, effective October 16, 2013, "prior express consent" as used in subsection

19 (b)(1) of the TCPA means "prior express *written* consent" for all non-exempt artificial- or prerecorded-

20 voice telephone calls. *Id.* § 64.1200(a)(2)–(3) (emphasis supplied). Such consent must be signed by the

21 consumer; must state that the consumer is agreeing to receive future artificial- or prerecorded-voice

22 telemarketing calls; and must state that any such agreement is not a condition of purchasing any

23 property, goods, or services. *Id.* § 64.1200(f)(8).

24       26.    The foregoing acts and omissions of Defendants constitute a direct violation of the

25 TCPA. Although Defendants, on information and belief, were aware of the TCPA's requirements,

26 Defendants intentionally violated the law by outright failing to have any call recipients sign an

27 agreement reciting (a) that Defendants (or any of them) were authorized to make telemarketing calls

28 using an artificial or prerecorded voice, and (b) that any such authorization was not a condition of

1    purchasing any property, goods, or services. In other words, although Defendants never obtained prior

2    express written consent from any call recipients, Defendants proceeded to make robocalls anyway, all in

3    an effort to maximize the reach of their marketing campaign, making the violations willful.

4        27.    The TCPA establishes a private right of action for placing unauthorized calls to

5    consumers:

6            A person or entity may, if otherwise permitted by the laws or rules of court of a
         State, bring in an appropriate court of that State (A) an action based on a violation of this
7        subsection or the regulations prescribed under this subsection to enjoin such violation,
         (B) an action to recover for actual monetary loss from such a violation, or to receive $500
8        in damages for each such violation, whichever is greater, or (C) both such actions. If the
         court finds that the defendant willfully or knowingly violated this subsection or the
9        regulations prescribed under this subsection, the court may, in its discretion, increase the
         amount of the award to an amount equal to not more than 3 times the amount available
10       under subparagraph (B) of this paragraph.

11   47 U.S.C. § 227(b)(3).

12       28.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff, Class Members, and Subclass Members

13   are entitled to an award of $500 in statutory damages for each and every telephone call that they

14   received. Moreover, because Defendants willfully and knowingly violated the TCPA as alleged above,

15   Plaintiff and Class Members are entitled to treble damages. Finally, pursuant to 47 U.S.C.

16   § 227(b)(3)(A), Plaintiff, Class Members, and Subclass Members are entitled to injunctive relief.

17   / / / / /

18

19

20

21

22

23

24

25

26

27

28

*PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.      An order certifying the Class and Subclass under section 382 of the Code of Civil Procedure;

2.      A judgment in favor of Plaintiff, the Class, and the Subclass for statutory treble damages against Defendants jointly and severally, as well as for injunctive relief;

3.      An award of pre-judgment and post-judgment interest, to the extent allowable by law;

4.      An award of attorneys' fees and costs of suit, to the extent allowable by law; and,

5.      Such further relief as the Court deems fit and proper.

Dated:  February 10, 2017                    GLANCY PRONGAY & MURRAY LLP
                                             JAURIGUE LAW GROUP

                                             Lionel Z. Glancy
                                             Marc L. Godino
                                             Mark S. Greenstone

                                             Michael J. Jaurigue
                                             Abigail A. Zelenski
                                             David Zelenski
                                             Ryan A. Stubbe
                                             Sehreen Ladak

                                             *Attorneys for Plaintiff*

/ / / / /

1

*DEMAND FOR JURY TRIAL*

2

Plaintiff requests a trial by jury as to all causes of action.

3

4     Dated:  February 10, 2017                         GLANCY PRONGAY & MURRAY LLP

5                                                        JAURIGUE LAW GROUP

6

7                                                        Lionel Z. Glancy
                                                         Marc L. Godino
8                                                        Mark S. Greenstone

9                                                        Michael J. Jaurigue
                                                         Abigail A. Zelenski
10                                                       David Zelenski
                                                         Ryan A. Stubbe
11                                                       Sehreen Ladak

12

13                                                       *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

CLASS-ACTION COMPLAINT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TERMINIX INTERNATIONAL, INC., a Delaware corporation;
[See Attachment for Additional Defendants]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EVELYN MAMARIL, as an individual and on behalf of all others
similarly situated,

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>FILED<br>SAN MATEO COUNTY<br>FEB 1 0 2017<br>Clerk of the Superior Court |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  San Mateo Superior Court

Southern Branch - Hall of Justice
400 County Center, Redwood City, CA 94063

CASE NUMBER:
*(Número del Caso):*  17CIV00615

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Greenstone, 1925 Century Park East, Suite 2100, Los Angeles, California 90067, Tel. (310) 201-9150

DATE:
*(Fecha)*  FEB 1 0 2017

Clerk, by *(Secretario)*  RODINA M. CATALANO , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)
   ☐ CCP 416.20 (defunct corporation)
   ☐ CCP 416.40 (association or partnership)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

17 – CIV – 00615
SUM
Summons Issued / Filed
371521

| |
|---|
| Page 1 of 1 |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465.
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Mamaril v. Terminix International, Inc., et al. | |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, a Delaware limited partnership; and DOES 1 through 50,

Page  2  of  2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
E-mail:  info@glancylaw.com

JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
  michael@jlglawyers.com
Abigail A. Zelenski (SBN 228610)
  abigail@jlglawyers.com
David Zelenski (SBN 231768)
  david@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
  ryan@jlglawyers.com
Sehreen Ladak (SBN 307895)
  sehreen@jlglawyers.com
114 North Brand Boulevard, Suite 200
Glendale, California 91203
Telephone:  (818) 630-7280
Facsimile:  (888) 879-1697

*Attorneys for Plaintiff Evelyn Mamaril*

**FILED**
**SAN MATEO COUNTY**
FEB 1 0 2017
Clerk of the Superior Court

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN MATEO

| | |
|---|---|
| EVELYN MAMARIL, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TERMINIX INTERNATIONAL, INC., a Delaware corporation; THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, a Delaware limited partnership; and DOES 1 through 50,<br><br>    Defendants. | Case No.   **17CIV00615**<br><br>**CERTIFICATE RE: COMPLEX CASE DESIGNATION** |

17—CIV—00615
CRCCD
Certificate Re: Complex Case Designation
371527

**CERTIFICATE RE: COMPLEX CASE DESIGNATION**

[ *This Certificate Must Be Completed And Filed With Your Civil Case Cover Sheet
If You Have Checked A Complex Case Designation Or Counter-Designation* ]

1.     In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

    ☒    Box 1 – case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

    ☒    Box 2 – complex [or not complex] due to factors requiring exceptional judicial management.

    ☒    Box 5 - Is [or is not] a class action suit.

2.     This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision]:

FILED BY FAX

1    This is a class action case brought by Plaintiff alleging Defendants violation of the TCPA, 47 U.S.C. § 227.

2    There will be numerous pre-trial motions, certification of a class will be pursued and there will be substantial

3    post-judgment supervision involved.

4

5

6

7

8

9

10

11

12

13

14    *[Attach additional pages, if necessary.]*

15    3.    Based on the above-stated supporting information, there is a reasonable basis for

16    the complex case designation or counter-designation [or noncomplex case counter-designation]

17    being made in the attached Civil Case Cover Sheet.

18    *****

19

20    I, the undersigned counsel or self-represented party, hereby certify that the above is true

21    and correct and that I make this certification subject to the applicable provisions of California

22    Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-

23    200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

24

25    Dated:  February 10, 2017          .

26

27    Mark S. Greenstone

28    [Type or Print Name]                    [Signature of Party or Attorney For Party]

- 2 -

## NOTICE OF CASE MANAGEMENT CONFERENCE

*Evelyn   Mamanl*

17CIV00615

Case No:

*vs.*

*Terminix   International Inc*

Date: 6/9/17

Time 9:00 a.m.

**FILED**
**SAN MATEO COUNTY**

FEB 1 0 2017

Clerk of the Superior Court

17 – CIV – 00615
NCMC
Notice of Case Management Conference
371529

Dept. _____    --on Tuesday & Thursday

Dept. _21_    --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1.   In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a)   Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b)   Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c)   File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d)   Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2.   If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.   Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.   Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.   If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.   You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.   The Case Management judge will issue orders at the conclusion of the conference that may include:

   a)   Referring parties to voluntary ADR and setting an ADR completion date;

   b)   Dismissing or severing claims or parties;

   c)   Setting a trial date.

8.   The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*





FILED
SAN MATEO COUNTY

FEB 1 0 2017

Clerk of the Superior Court
By _____
DEPUTY CLERK

**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| | |
|---|---|
| EVELYN MAMARIL<br>Plaintiff (s)<br><br>vs.<br><br>TERMINIX INTERNATIONAL, INC.<br>Defendant (s) | **Notice of Complex Case Status Conference**<br><br>Case No.: 17-CIV-00615      Date:  **4/11/2017**<br>                                        Time:  **9:00 AM**<br>                                        **Dept. PJ** |

Title: **EVELYN MAMARIL  VS.  TERMINIX INTERNATIONAL, INC., ET AL**

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
   a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. **Give reason notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Complex Cause Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunities to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (C)), designating an action as a complex case in Items 1,2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues' (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

Rev. Jun. 2016

For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org

* Telephone appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, and
independent vendor, at least 5 business days prior to the scheduled conference.

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this court, not a party of this cause; that I served a copy of this notice on the below
date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this court
as set forth above, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the
United States Mail at Red wood City, California.


Date: 02/10/17                              Rodina M. Catalano,
                                            Court Executive Officer/Clerk

                                      By: _____
                                            Nima Mokhtarani,
                                            Deputy Clerk


Copies mailed to:

        MARK S GREENTSTONE
        GLANCY PRONGAY & MURRAY LLP
        1925 CENTURY PARK EAST SUITE 2100
        LOS ANGELES CA  90067

6/5/17
cmc

FILED BY FAX

1  GLANCY PRONGAY & MURRAY LLP
   Lionel Z. Glancy (SBN 134180)
2  Marc L. Godino (SBN 182689)
   Mark S. Greenstone (SBN 199606)
3  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
5  E-mail: info@glancylaw.com
6
   JAURIGUE LAW GROUP
7  Michael J. Jaurigue (SBN 208123)
     michael@jlglawyers.com
8  Abigail A. Zelenski (SBN 228610)
     abigail@jlglawyers.com
9  David Zelenski (SBN 231768)
     david@jlglawyers.com
10 Ryan A. Stubbe (SBN 289074)
     ryan@jlglawyers.com
11 Sehreen Ladak (SBN 307895)
     sehreen@jlglawyers.com
12 114 North Brand Boulevard, Suite 200
   Glendale, California 91203
13 Telephone: (818) 630-7280
   Facsimile: (888) 879-1697
14

**FILED**
SAN MATEO COUNTY

FEB 2 4 2017

Clerk of the Superior Court

By _____ CLERK

15 *Attorneys for Plaintiff Evelyn Mamaril*

16

17            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

18                        **COUNTY OF SAN MATEO**

19 EVELYN MAMARIL, as an individual and on       Case No. 17CIV00615
   behalf of all others similarly situated,
20
                  Plaintiff,                      **PROOF OF SERVICE SUMMONS**
21                                                **AND COMPLAINT ON**
          v.                                      **DEFENDANT TERMINIX**
22                                                **INTERNATIONAL, INC.**
   TERMINIX INTERNATIONAL, INC., a
23 Delaware corporation; THE TERMINIX
   INTERNATIONAL COMPANY LIMITED
24 PARTNERSHIP, a Delaware limited
   partnership; and DOES 1 through 50,
25
                  Defendants.                     17 – CIV – 00615
26                                                PCSBC
                                                  Proof of Service on CORPORATION, LLC, etc.
27                                                389742

28

              PROOF OF SERVICE SUMMONS AND COMPLAINT

1        Attached hereto is an Affidavit of Service confirming service of (i) Summons; (ii) Class

2  Action Complaint; and (iii) supporting documents for the above-captioned action.  Service of said

3  documents were effected on February 14, 2017 at 12:55 p.m. on defendant Terminix International,

4  Inc., via its registered agent for the service of process, The Corporation Trust Company, at

5  Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6

7

8  Dated:  February 24, 2017               GLANCY PRONGAY & MURRAY LLP

                                          JAURIGUE LAW GROUP

9

10

11                                By: _____

12                                Lionel Z. Glancy

                                Marc L. Godino

13                                Mark S. Greenstone

14                                Michael J. Jaurigue

                                Abigail A. Zelenski

15                                David Zelenski

                                Ryan A. Stubbe

16                                Sehreen Ladak

17                                *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

Evelyn Mamaril, et. al., Plaintiff(s)
vs.
Terminix International, Inc., et. al., Defendant(s)

Service of Process by
**APS International, Ltd.**
**1-800-328-7171**



APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #:  144473-0001

**AFFIDAVIT OF SERVICE -- Corporate**

| Service of Process on: |
| --Terminix International, Inc., c/o Corporation Trust |
| Company as Agent for Service |
| Court Case No. 17CIV00615 |

GLANCY, PRONGAY, ET AL
Mr. Harry H. Kharadjian
1925 Century Park E., Ste. 2100
Los Angeles, CA 90067

State of: _Delaware_ } ss.
County of: _New Castle_

| | |
|---|---|
| **Name of Server:** | _Adam Golden_____, undersigned, being duly sworn, deposes and says that at the time of service, s/he was of legal age and was not a party to this action; |
| **Date/Time of Service:** | that on the _14_ day of _February_____, 20 _17_, at _12:55_ o'clock _P_ M |
| **Place of Service:** | at _1209 Orange Street_____, in _Wilmington, DE 19801_ |
| **Documents Served:** | the undersigned served the documents described as: Summons and Class Action Complaint; Certificate Re; Complex case Designation; Civil Case Cover Sheet; Notice of Case Management Conference; ADR Information |
| **Service of Process on:** | A true and correct copy of the aforesaid document(s) was served on: **Terminix International, Inc., c/o Corporation Trust Company as Agent for Service** |
| **Person Served, and Method of Service:** | By delivering them into the hands of an officer or managing agent whose name and title is: _Kamesha James, authorized to accept_ |
| **Description of Person Receiving Documents:** | The person receiving documents is described as follows: Sex _F_ ; Skin Color _B_ ; Hair Color _blk_ ; Facial Hair ____ ; Approx. Age _25-30_ ; Approx. Height _5'7_ ; Approx. Weight _115_ □ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service. |
| **Signature of Server:** | Undersigned declares under penalty of perjury that the foregoing is true and correct. |

Subscribed and sworn to before me this
_14_ day of _Feb._, 20 _17_

_____
Signature of Server

Notary Public          (Commission Expires)

**APS International, Ltd.**

EXPIRES
Feb. 12, 2019

1

### PROOF OF SERVICE VIA U.S. MAIL

2

3        I, the undersigned, say:

4        I am a citizen of the United States and am over the age of 18 and not a party to the within
action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

5

6        On February 24, 2017, I served the following document:

7        **PROOF OF SERVICE SUMMONS AND COMPLAINT**

8        on counsel for the parties in this action, addressed as stated below:

9    The Terminix International Company Limited    Terminix International, Inc.
     Partnership                                    c/o The Corporation Trust Company

10   c/o Corporation Trust Company                  Registered Agent

11   Registered Agent                               Corporation Trust Center
     Corporation Trust Center                       1209 Orange Street

12   1209 Orange Street                             Wilmington, DE 19801
     Wilmington, DE 19801

13

14

15        By U.S. Mail: By placing true and correct copies thereof in individual sealed envelope: with
postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the

16   United States Postal Service. I am readily familiar with my employer's practice for the collection and
processing of correspondence or mailing with the United States Postal Service. In the ordinary course

17   of business, this correspondence would be deposited by my employer with the United States Postal
Service that same day.

18        Executed on February 24, 2017, at Los Angeles, California. I certify under penalty of perjury

19   under the laws of the State of California that the foregoing is true and correct.

20

21

22        _____
           Harry H. Kharadjian

23

24

25

26

27

28

1 | GLANCY PRONGAY & MURRAY LLP
2 | Lionel Z. Glancy (SBN 134180)
  | Marc L. Godino (SBN 182689)
3 | Mark S. Greenstone (SBN 199606)
  | 1925 Century Park East, Suite 2100
4 | Los Angeles, California 90067
  | Telephone: (310) 201-9150
5 | Facsimile: (310) 201-9160
  | E-mail: info@glancylaw.com
6 |
7 | JAURIGUE LAW GROUP
  | Michael J. Jaurigue (SBN 208123)
8 | michael@jlglawyers.com
  | Abigail A. Zelenski (SBN 228610)
9 | abigail@jlglawyers.com
  | David Zelenski (SBN 231768)
10 | david@jlglawyers.com
  | Ryan A. Stubbe (SBN 289074)
11 | ryan@jlglawyers.com
  | Sehreen Ladak (SBN 307895)
12 | sehreen@jlglawyers.com
  | 114 North Brand Boulevard, Suite 200
13 | Glendale, California 91203
  | Telephone: (818) 630-7280
14 | Facsimile: (888) 879-1697
15 |
  | *Attorneys for Plaintiff Evelyn Mamaril*
16 |



FILED
SAN MATEO COUNTY
FEB 2 4 2017
Clerk of the Superior Court
by
DEPUTY CLERK

17 |        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
18 |                   **COUNTY OF SAN MATEO**

19 | EVELYN MAMARIL, as an individual and on behalf of all others similarly situated,

Case No. 17CIV00615

20 |
21 |        Plaintiff,
22 |    v.

**PROOF OF SERVICE SUMMONS AND COMPLAINT ON DEFENDANT THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP**

23 | TERMINIX INTERNATIONAL, INC., a Delaware corporation; THE TERMINIX INTERNATIONAL COMPANY LIMITED
24 | PARTNERSHIP, a Delaware limited partnership; and DOES 1 through 50,
25 |
  |        Defendants.
26 |
27 |
28 |



17 – CIV – 00615
PCSBC
Proof of Service on CORPORATION, LLC, etc.
389749

1        Attached hereto is an Affidavit of Service confirming service of (i) Summons; (ii) Class

2    Action Complaint; and (iii) supporting documents for the above-captioned action. Service of said

3    documents were effected on February 14, 2017 at 12:55 p.m. on defendant The Terminix

4    International Company Limited Partnership, via its registered agent for the service of process, The

5    Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE

6    19801.

7

8

9    Dated: February 24, 2017                 GLANCY PRONGAY & MURRAY LLP

10                                      JAURIGUE LAW GROUP

11

12                                  By: _____

13                                    Lionel Z. Glancy

                                 Marc L. Godino

14                                    Mark S. Greenstone

15                                    Michael J. Jaurigue

                                 Abigail A. Zelenski

16                                    David Zelenski

17                                    Ryan A. Stubbe

                                 Sehreen Ladak

18

19                                  *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

Evelyn Mamaril, et. al., Plaintiff(s)
vs.
Terminix International, Inc., et. al., Defendant(s)



Service of Process by
**APS International, Ltd.**
**1-800-328-7171**
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #:  144473-0001

**AFFIDAVIT OF SERVICE -- Corporate**

GLANCY, PRONGAY, ET AL
Mr. Harry H. Kharadjian
1925 Century Park E., Ste. 2100
Los Angeles, CA 90067

Service of Process on:
--The Terminix International, Company Limited
Partnership c/o Corporation Trust Company as Agent for
Service
Court Case No. 17CIV00615

State of: Delaware        ) ss.
County of: New Castle        )

**Name of Server:**   Adam Golden                         , undersigned, being duly sworn, deposes and says
that at the time of service, s/he was of legal age and was not a party to this action;

**Date/Time of Service:**   that on the     14   day of     February        , 20 17 , at  12:55 o'clock    P M

**Place of Service:**   at  1209 Orange Street                         , in   Wilmington, DE  19801

**Documents Served:**   the undersigned served the documents described as:
Summons and Class Action Complaint; Certificate Re; Complex
 case Designation; Civil Case Cover Sheet; Notice of Case
Management Conference; ADR Information

**Service of Process on:**   A true and correct copy of the aforesaid document(s) was served on:
The Terminix International, Company Limited Partnership c/o Corporation Trust
**Person Served, and**   Company as Agent for Service
**Method of Service:**   By delivering them into the hands of an officer or managing agent whose name and
title is:  Kamesha James, authorized to accept

**Description of**   The person receiving documents is described as follows:
**Person Receiving**   Sex  F  ; Skin Color  B    ; Hair Color  blk    ; Facial Hair
**Documents:**   Approx. Age 25-30 ; Approx. Height  5'7    ; Approx. Weight 115

☐ To the best of my knowledge and belief, said person was not engaged in the US
Military at the time of service.

**Signature of Server:**   Undersigned declares under penalty of perjury        Subscribed and sworn to before me this
that the foregoing is true and correct.                   14  day of   Jul     , 20 17

_____                              _____
Signature of Server                                  Notary Public        (Commission Expires)

**APS International, Ltd.**

**PROOF OF SERVICE VIA U.S. MAIL**

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On February 24, 2017, I served the following document:

**PROOF OF SERVICE SUMMONS AND COMPLAINT**

on counsel for the parties in this action, addressed as stated below:

| | |
|---|---|
| The Terminix International Company Limited Partnership<br>c/o Corporation Trust Company<br>Registered Agent<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | Terminix International, Inc.<br>c/o The Corporation Trust Company<br>Registered Agent<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 |

     By U.S. Mail: By placing true and correct copies thereof in individual sealed envelope: with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence or mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

     Executed on February 24, 2017, at Los Angeles, California. I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Harry H. Kharadjian